# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| WAYNE SAMUEL KURZEJA, | **CIVIL ACTION** |
| *Plaintiff,* | **06CV6917** |
| | **JUDGE GUZMAN** |
| | **MAG.JUDGE MASON** |
| vs. | |
| | **JURY TRIAL DEMAND** |
| DIGI-FLICKS INTERNATIONAL, INC.,<br>ELYSE ROBERTS, AN INDIVIDUAL,<br>KAREN LEE DeBIAS, AN INDIVIDUAL,<br>SANDRA SCAVO PEDERSEN, ESQ.,<br>WILDMAN, HARROLD, ALLEN &<br>DIXON, LLP.,<br>KEITH FLEER, ESQ.,<br>LOEB & LOEB, LL.P.,<br>SOL GUTSTEIN, ESQ.,<br>TENNEY & BENTLEY, LL.P.,<br>CHRISTOPHER COPPOLA, AN<br>INDIVIDUAL and NICOLAS<br>PAINE, AN INDIVIDUAL | **FILED**<br>DEC 1 4 2006<br>DEC 14 2006<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| *Defendants,* | |

## VERIFIED COMPLAINT

Now comes Plaintiff, Wayne Samuel Kurzeja, (Kurzeja) an individual appearing

Pro Se, states as follows:

## Summary of Action

1. This is an action brought by Wayne Samuel Kurzeja for damages resulting from (i) Sexual Harassment (ii) Retaliatory discharge, (iii) Attorney's Conflict of Interest, (iv) Breach of Fiduciary Duty of Loyalty, (v) Fraudulent Breach of Fiduciary Duties and Conspiracy to Defraud, (vi) Fraudulent Conveyance to Divert Profits, (vii) Appropriation of Corporate Opportunity, (viii) Tortuous Interference with Contract, (ix) Covertly Usurping Corporate Opportunities, (x) Breach of Contract, (xi) Fraudulent Misrepresentation. (xii) Libel and Slander.

## Nature of the case

2. This is a case involving a breach of fiduciary duty, breach of contract, fraudulent misrepresentation, libel and slander, etc, etc, etc...stemming form a business opportunity that Kurzeja brought to Roberts and which she had agreed to pursue as partners through the company they formed together, Digi-Flicks International, Inc.

3. Instead of working together, as agreed, Roberts deceptively cut Kurzeja out of all of the corporate opportunities and instead, formed partnerships with Coppola, with whom Roberts had become increasingly infatuated, and a defendant in a contravention action that Kurzeja had initiated and prevailed.

4. In a further effort to exclude Kurzeja from all company opportunities, Roberts began recruiting and conspiring with others to aid her in deception, slander, intimidation, harassment and finally, retaliatory discharge from the company he had created.

2

## Jurisdiction and Venue

5. Plaintiff, Wayne Kurzeja (Kurzeja) resides in Barrington Hills, Illinois. Digi-Flicks International, Inc. is registered in Illinois and also has its principal place of business in Cary, Illinois. Elyse Roberts resides in Barrington Hills, Illinois. Karen DeBias, Sandra Scavo Pedersen and Sol Gutstein all reside in Illinois. Wildman, Harrold, Allen & Dixon, LLP, Loeb & Loeb, and Tenney & Bentley all conduct business in Illinois. Keith Fleer, Christopher Coppola and Nicolas Paine all reside in California. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Because there is diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

6. For the purposes of venue, substantial parts of the events giving rise to Wayne Kurzeja's claims against the parties occurred in this judicial district. In addition, all of the parties and their respective companies transact business in this judicial district. Accordingly, venue is proper pursuant to 28 U.S.C § 1391(b).

## The Parties

7. All parties are Digi-Flicks International, Inc., Elyse Roberts, an Individual, Karen DeBias, and Individual, Sandra Scavo Pedersen, Esq., Wildman, Harrold, Allen & Dixon, LL.P., Keith Fleer, Esq., Loeb & Loeb LL.P., Sol Gutstein Esq., Tenney & Bentley LL.P., Christopher Coppola, an Individual and Nicolas Paine, an Individual.

3

## Chronological Background of the Case

8. In 1998 - Kurzeja filed patent application for "ultra secure digital movie distribution system for theatrical releases"

9. In September of that year Kurzeja established Digi-Flicks Satellite Entertainment Network.

10. In October 1998  Kurzeja filed an application for Digi-Flicks Trademark.

11. On November 1998-DCI - (Digital Cinema Initiative) is established by a consortium of major Hollywood studios to review and approve numerous emerging digital systems being created.

12. 1999 --Wayne Kurzeja, Lou Kurzeja and Josephine Kurzeja establish Illinois corporation "Digi-Flicks Entertainment Group, Inc."

13.   Wayne Kurzeja receives the trademark for the Digi-Flicks name -Wayne Kurzeja hires Fitch, Even, Tabin and Flanery Law firm for Intellectual property issues.  In a meeting Kurzeja has with John Flanery and associate Sandra Scavo to review the Cease and Desist letter Kurzeja has been sending to possible trademark infringers, Scavo rejected the letters saying the were too harsh but was overruled by the senior partner. Work was billed directly to Wayne Kurzeja.

14. 2003 - Wayne Kurzeja discovers that Christopher Coppola (Brother of Nick Cage and Nephew of Francis Ford Coppola) obtains a copy of Plaintiff's Digi-Flicks business plan and establishes identical Digi-Flicks company in  Hollywood, California. A Cease and Desist letter is sent to Coppola with no response.

4

15. Wayne Kurzeja decides that threat of litigation has failed and must seek further action. In anticipation of filing an action against Coppola, Kurzeja seeks outside financial backing.

16. Kurzeja approaches Raymond Roberts, principal of Coil-Craft Corporation as possible investor. Suit filed against Christopher Coppola; Kurzeja vs. Coppola for trademark infringement.

17. After carefully reviewing the Digi-Flicks business plan Ray and Elyse Roberts agree to become involved in Digi-Flicks and proceed to restructure company with new corporation and dissolve old Digi-Flicks.

18. In addition to being a guide on entering the digital movie industry, Digi-Flicks business plan also listed several ancillary businesses or secondary sources of income which will provide financial sustenance until digital cinema becomes a substantial industry including digital post. New Digi-Flicks Corporation is established July 25, 2000.

19. In 2002 Kurzeja reaches settlement in suit against Christopher Coppola. Coppola agrees to remove the Digi-Flicks name and remove all references to Digi-Flicks on his website.

20. As per a settlement agreement, Coppola begins work on a promotional film for Kurzeja to promote Digi-Flicks. Coppola also agrees to help promote Digi-Flicks with other methods. Coppola becomes more involved in Digi-Flicks company and continues to help promote company.

21. November 6, 2002 - Wayne Kurzeja signs employment agreement (beginning January 2, 2003 and ending December 31, 2005 for $100,000 per year)

22. The Roberts' obtain controlling interest of Digi-Flicks purchasing stock for $600 per share.

23. 2003 - Wayne Kurzeja receives patent for the digital system upon which Digi-Flicks is based.

24. Ray Roberts begins to suffer the effects of dementia and his wife Elyse begins to gradually take control of his interests.

25. Elyse Roberts becomes more and more infatuated with Christopher Coppola.

26. Through an oral agreement between Kurzeja, Coppola and Paine and completely unrelated to Digi-Flicks (food business rather than the digital movie business) Coppola, Paine and Kurzeja file for a trademark for BikerChef name through Arizona attorney Christopher Day.

27. Christopher and Elyse file for a license for a Digital Post (PlasterCity DigitalPost) company with and identical purpose and description of an ancillary business as described in Digi-Flicks business plan.

28. 2004 - January--Ray Roberts dementia becomes worse and his wife Elyse takes complete control of his interests.

29. Wayne Kurzeja receives technology award form the Motion Picture Hall of Fame for his "Digital Movie Distribution" patent.

30. April 2004 Elyse Roberts registration form to create new entity outside of Digi-Flicks (Ars Nova XII now Ears XII) for the purpose of "Research and development of products for digital movie industry" identical to business description of Digi-Flicks.

31. Elyse files documents for the BikerChef trademark the very same one Coppola, Paine and Kurzeja had filed one year earlier...she is represented by Sandra

6

Scavo (her new name is now Sandra Peterson and is now with the law firm of Loeb and Loeb ).

32. May 21, 2004, Elyse, through her attorney Sol Gutstein, offered to purchase the Kurzeja remaining shares for the same per-share price ($600) previously paid to the Kurzejas for a total of approximately $900,000.

33. May 21, 2004, Wayne Kurzeja immediately sent a certified letter to Sol and Elyse Roberts confirming the offer and acceptance -- Kurzeja received no response and sends another letter ten days later.

34. July 21st, 2004, DCI Digital Cinema Initiative announced the approved digital platform system to be used for all Hollywood studio productions -- Digi-Flicks System platform and program was not chosen as the system of choice.

35. In a letter dated July 18th but postmarked July 21st Elyse Roberts through her attorney (Also Digi-Flicks' corporate attorney and paid by company funds) Sol Gutstein denied any such agreement and attempted to re-negotiate purchase of stock by Elyse

36. Digi-Flicks' corporate attorney Keith Fleer of Loeb & Loeb (an attorney paid by paid for by company funds) sends email to Elyse stating that "I understand you wish to recover stock in Wayne Kurzeja's possession."

37. Keith Fleer further states in his email, "I will speak to Sol and address this problem after my meeting with him." Next day in an email Keith Fleer outlines a plan of action on how to "recover" Kurzeja's stock after conversations with Sol Gutstein (corporate attorney and director of Digi-Flicks). Email sent to Elyse Roberts from a company attorney in California Elyse states that Kurzeja, "…is a worthless employee and does no work."

38. In a letter dated August 16, 2004 from Sol Gutstein, he discusses strategy on how Elyse can make certain that Kurzeja not be re-elected to the Digi-Flicks company board of directors.

39. In an effort to force Kurzeja to quit his employment at Digi-Flicks, Elyse imposes demeaning and humiliating requirements and upon Kurzeja such as requiring Kurzeja to work in the Cary office without a computer or a desk and having to wait for lower level employees to arrive in order to gain access to the building.

40. After Kurzeja refuses to work in the office without a desk or a computer, a computer is then provided as is a lawn furniture type table for a desk.

41. Kurzeja sends email to Sol Gutstein after inadvertently discovering that the Digi-Flicks computer tech person was attempting to load pornography on to Kurzeja's computer. Sol answers, "....well, if they did attempt such a move, I guess you caught them...so I guess they won't try that again!"

42. Kurzeja is routinely omitted from all company meetings and conferences.

43. June 10, 2005, Wayne Kurzeja is terminated as President of Digi-Flicks six months (and is denied $50,000.00 remaining in salary) before employment agreement expires.

44. Of the two reasons given for termination of Kurzeja was first that Kurzeja sent Cease and Desist Letters "that were too harsh" (as per Sandra Scavo's opinion who is now with the law firm of Wildman, Harrold, Allen & Dixon).

45. Secondly the fact that Kurzeja filed for a BikerChef trademark (although Kurzeja's filing pre-dates Elyse's filing by one year) saying that Kurzeja attempted to "misappropriate the trademark" claiming ownership through Ears XII/Ars Nova XII

8

company, one of the same firm which was created to divert funds from Digi-Flicks.

## CLAIMS

### Count I - Title VII

### Sexual Harassment

46. Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200c ct seq., and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. § 1343(4).

47. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on sexual harassment and retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

48. Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy is attached hereto as Exhibit B.

49. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(b).

50. Defendant, Digi-Flicks International, Inc., at all times pertinent hereto, operated and did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e(b) and employed more than fifteen (15) individuals as defined by 42 U.S.C. § 2000e(b).

9

51. Plaintiff has been employed by the Defendant as President and Vice-Chairman since July 17, 1998.

52. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the attached Charge of Discrimination, attached hereto as Exhibit A, and incorporated herein by reference.

53. As a result of Defendant's discriminatory conduct as aforesaid, Plaintiff has suffered a heart attack as well as injury to his career, physical and emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled compensatory damages pursuant to 42 U.S.C. § 1981a.

54. Defendant's discretionary conduct, as aforesaid, was done with malice and/or reckless indifference to Plaintiff's civil rights. Plaintiff is therefore entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

**WHEREFORE,** Plaintiff, Wayne Samuel Kurzeja prays for judgment against Defendant, Digi-Flicks International, Inc. as follows:

A. For an award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life and other non-pecuniary damages.

B. For an award of punitive damages in an amount to be determined at the time of trial.

C. For attorney's fees and costs of this suit, including expert witness fees (if any).

D. For hospital physician costs and fees related to the heart attack Plaintiff suffered as a result of Defendant's conduct.

E. For pre-judgment interest in an amount to be determined at the time of trial.

F. For such other relief as is just and equitable.

## Count II - Title VII

### Retaliatory Discharge

Plaintiff re-alleges and incorporates by reference paragraphs 46-54 of Count I of this Complaint.

55. Defendant, by its agents and employees, engaged in the retaliatory conduct described in Plaintiff's Charge of Discrimination, attached hereto as Exhibit A, and incorporated herein by reference.

**WHEREFORE,** Plaintiff, Wayne Samuel Kurzeja prays for judgment against Defendant, Digi-Flicks International Inc., as follows:

A. For an award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life and other non-pecuniary damages.

B. For an award of punitive damages in an amount to be determined at the time of trial.

C. For attorney's fees and costs of this suit, including expert witness fees (if any).

D. For hospital physician costs and fees related to the heart attack Plaintiff suffered as a result of Defendant's conduct.

E. For pre-judgment interest in an amount to be determined at the time of trial.

F. For such other relief as is just and equitable.

## Count III

### Attorney's Conflict of Interest

56. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

57. As Kurzeja was a former client of Scavo at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Scavo breached her fiduciary duties by acting in a manner to further Roberts' interests at the expense of Kurzeja.

58. As a direct and proximate result of the action of defendants Sandra Scavo Pedersen, Wildman, Harrold, Allen & Dixon, LL.P, Plaintiff suffered injuries for which monetary damages are sought.

## Count III

### Breach of Fiduciary Duty of Loyalty

59. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

60. As a partner de facto partner of Kurzeja and as a majority owner in Digi-Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a manner to further her own interests at the expense of Kurzeja.

61. As a direct and proximate result of the actions defendant Elyse Roberts, Plaintiff suffered injuries for which monetary damages are sought.

## Count IV

### Fraudulent Breach of Fiduciary Duties

62. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

63. As a direct and proximate result of the actions of defendants' Elyse Roberts, Sandra Scavo Pedersen, Wildman, Harrold, Allen & Dixon, LL.P., and Sol Gutstein (as Corporate Director), Plaintiff suffered injuries for which monetary damages are sought.

## Count V

### Conspiracy to Defraud

64. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

65. As a direct and proximate result of the actions of defendants' Elyse Roberts, Karen DeBias, Sandra Scavo Pedersen, Wildman, Harrold, Allen & Dixon, LL.P., Keith Fleer, Loeb & Loeb LL.P., Sol Gutstein and Tenney & Bentley LL.P., Plaintiff suffered injuries for which monetary damages are sought.

## Count VI

### Fraudulent Conveyance to Divert Profits

66. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

67. As a partner de facto partner of Kurzeja and as a majority owner in Digi-

Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a manner to further her own interests at the expense of Kurzeja.

68. As a direct and proximate result of the defendant Elyse Roberts' actions Plaintiff suffered injuries for which monetary damages are sought.

## Count VII

### Appropriation of Corporate Opportunity

69. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

70. As a partner de facto partner of Kurzeja and as a majority owner in Digi-Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a manner to further her own interests at the expense of Kurzeja.

71. As a direct and proximate result of the defendant Elyse Roberts' actions, Plaintiff suffered injuries for which monetary damages are sought.

## Count VIII

### Tortuous Interference with Contract

72. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

73. As a partner de facto partner of Kurzeja and as a majority owner in Digi-Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a manner to further her own interests at the expense of Kurzeja.

74. As a direct and proximate result of the defendant, Elyse Roberts' actions Plaintiff suffered injuries for which monetary damages are sought.

## Count IX

### Covertly Usurping Corporate Opportunities

75. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

76. As a partner de facto partner of Kurzeja and as a majority owner in Digi-Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a manner to further her own interests at the expense of Kurzeja.

77. As a direct and proximate result of the defendant, Elyse Roberts' actions , Plaintiff suffered injuries for which monetary damages are sought.

## Count X

### Breach of Contract

78. Plaintiff repeats and re-alleges the allegations contained in each of the

foregoing paragraphs as if fully set forth herein.

79. As a partner de facto partner of Kurzeja and as a majority owner in Digi-Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a manner to further her own interests at the expense of Kurzeja. Further, as a partner de facto partner of Kurzeja and as a one third owner in the rights to the BikerChef name, Paine and Coppola were at all times relevant hereto, a fiduciary of Kurzeja. As such, they owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendants Paine and Coppola breached their fiduciary duties by acting in a manner to further their own interests at the expense of Kurzeja.

80. As a direct and proximate result of the defendants Elyse Roberts, Christopher Coppola and Nicolas Paine's actions, Plaintiff suffered injuries for which monetary damages are sought.

## Count XI

### Fraudulent Misrepresentation.

81. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

82. As a partner de facto partner of Kurzeja and as a majority owner in Digi-Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a manner to further her own interests at the

expense of Kurzeja.

83. As a direct and proximate result of the defendant Elyse Roberts' actions, Plaintiff suffered injuries for which monetary damages are sought.

## Count XII -

### Libel and Slander

84. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

85. As a partner de facto partner of Kurzeja and as a majority owner in Digi-Flicks, Roberts was at all times relevant hereto, a fiduciary of Kurzeja. As such, she owed Kurzeja the highest duty of good faith, fair dealing and loyalty. Defendant Roberts breached her fiduciary duties by acting in a despicable and shameless manner to further her own interests at the expense of Kurzeja.

86. As a direct and proximate result of the defendant's Elyse Roberts, Plaintiff suffered injuries to his career for which monetary damages are sought.

## Count XIII -

### Specific Performance

87. Plaintiff repeats and re-alleges the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

88. Plaintiff prays that this honorable court compel Defendant Elyse Roberts to return all affiliated company entities to the ownership of Digi-Flicks International, Inc. Including but not necessarily limited to PlasterCity Digital Post and EarsXII. In the

17

alternative, this court should compel Elyse Roberts to her specific performance to complete the promised purchase of the Plaintiff's family shares in Digi-Flicks International, Inc. at the agreed price of Six-Hundred Dollars ($600.00) per share.

### Damages Sought

**WHEREFORE,** Plaintiff, Wayne Samuel Kurzeja prays for judgment against Defendant, Digi-Flicks International, Inc. as follows:

A. For an award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life and other non-pecuniary damages.

B. For an award of punitive damages in an amount to be determined at the time of trial.

C. For attorney's fees and costs of this suit, including expert witness fees (if any).

D. For hospital physician costs and fees related to the heart attack Plaintiff suffered as a result of Defendant's conduct.

E. For pre-judgment interest in an amount to be determined at the time of trial.

F. For such other relief as is just and equitable, and

**FURTHER,** Plaintiff, Wayne Samuel Kurzeja prays for judgment against Defendant, Digi-Flicks International Inc., as follows:

## **Jury Demand**

Plaintiff respectfully requests a jury trial as to all claims herein so triable as of

right.

Respectfully submitted,
**Wayne Samuel Kurzeja**

Plaintiff, Pro Se

Wayne Samuel Kurzeja
6 Fox Hunt Road
Barrington Hills, Illinois 60010-9603
1-847-381-3129

Dated this 14th day of December, 2006

20

A. For an award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life and other non-pecuniary damages.

B. For an award of punitive damages in an amount to be determined at the time of trial.

C. For attorney's fees and costs of this suit, including expert witness fees (if any).

D. For hospital physician costs and fees related to the heart attack Plaintiff suffered as a result of Defendant's conduct.

E. For pre-judgment interest in an amount to be determined at the time of trial.

F. For such other relief as is just and equitable and

**FURTHER,** Plaintiff, Wayne Samuel Kurzeja respectfully requests that this honorable Court enter judgment in his favor and against all defendants together and individually, in the amount to be proven at trial but anticipated to be in excess of Five Million Dollars ($5,000,000.00) to compensate Wayne Kurzeja for his damages, together with his costs, and for such other and further relief as this honorable Court deems just and appropriate. In the alternative, Plaintiff, Wayne Kurzeja respectfully requests that this honorable Court enter an order requiring Elyse Roberts and Christopher Coppola return all of the business entities into the Digi-Flicks International Corporation. And further award the Plaintiff

# Exhibit "A"

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Wayne S. Kurzeja**<br>**6 Fox Hunt Road**<br>**Barrington, Illinois 60010**<br><br>**Certified Mail No. 7000 1670 0012 6746 2265** | From: | **Equal Employment Opportunity**<br>    **Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois  60661-2511** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2005-00009** | **Nola Smith, State/Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

**John P. Rowe, District Director**

*Sept. 27, 2006*

*(Date Mailed)*

Enclosure(s)

cc:  **Digi Flicks International**

# Exhibit "B"

06/15/05  11:41 FAX 847 836 4654   KINKO'S

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| **CHARGE OF DISCRIMINATION** | ☒ IDHR | 2005CF0947 |
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. 05W0930.07 | ☒ EEOC | |

### Illinois Department of Human Rights and EEOC

| | HOME TELEPHONE (include area code) |
|---|---|
| | 847-381-3129 |

| NAME (indicate Mr., Ms., Mrs.) | | DATE OF BIRTH |
|---|---|---|
| WAYNE S. KURZEJA | CITY, STATE AND ZIP CODE BARRINGTON, IL 60010 | 00/00/00 |
| STREET ADDRESS 6 FOX HUNT RD | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| DIGI FLICKS INTERNATIONAL | | 847 516 9711 |
| STREET ADDRESS 214 CRYSTAL | CITY, STATE AND ZIP CODE CARY, IL 60013 | COUNTY 031 |
| | | TELEPHONE (include area code) |

| NAME | | COUNTY |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |

| | DATE OF DISCRIMINATION |
|---|---|
| CAUSE OF DISCRIMINATION BASED ON: | EARLIEST (ADEA/EPA)    LATEST (ALL) |
| (SEX) | /  /        09/30/2004 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheet(s))

III.  A.  ISSUE/BASIS AMENDMENT #1 DRAFTED TO INCLUDE ISSUES III-IV

DENIAL OF REASONABLE ACCOMMODATION - OCTOBER 27, 2004, DUE TO MY PHYSICAL HANDICAP, ADULT DEFICIT DISORDER

B.  PRIMA FACIE ALLEGATIONS

1.  I am a handicapped individual within the meaning of Section 103-(I) of the Illinois Human Rights Act.

2.  Respondent was aware of my condition.

3.  I was performing my duties as president/vice chairman in a satisfactory manner. I was hired in 1999.

4.  On October 27, 2004, I was denied a reasonable accommodation consisting of being allowed to perform the bulk of my job duties from home by Elyse Roberts. No reason was cited for this adverse action.

**NOTARIZE**

| X | I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. I declare under penalty of perjury that the foregoing is true and correct | NOTARY (when necessary for State and Local Requirements) |
|---|---|---|
| | | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | | SIGNATURE OF COMPLAINANT        DATE |
| | | X                                  10-5-05 |

OFFICIAL SEAL
M LOU KURZEJA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 05-24-07

Notary Public Seal

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year)

EEOC FORM 5

Complainant Name: **WAYNE S. KURZEJA**

Charge Number: 2005CF0947

Page 2

5. my request for a reasonable accommodation would not have caused Respondent an undue hardship.

6. My condition would not have interfered with my ability to perform the essential functions of my job as president and Vice Chairman of the company had Respondent afforded me a reasonable accommodation.

## IV A. ISSUE/BASIS

DENIAL OF A REASONABLE ACCOMMODATION - IN RETALIATION FOR HAVING FILED DISCRIMINATION CHARGES #'S 2005CF0947 AND 2005CN0948 AGAINST RESPONDENT WITH THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS

### B. PRIMA FACIE ALLEGATIONS

1. On September 30, 2005, I filed discrimination charges 2005CF0947 and 2005CN0948, against Respondent on the basis of sex, male and sexual harassment with the Illinois Department of Human Rights. Shortly, thereafter, Respondent was served notice of my filing. The matter is now pending before the Department.

2. On October 27, 2004, I was denied a reasonable accommodation consisting of being allowed to perform the bulk of my job duties from home by Elyse Roberts. No reason was cited for this adverse action.

3. The failure to accommodate followed my having engaged in a protected activity within a short period of time, thereby, raising an inference of retaliatory motivation.

## V. A. ISSUE/BASIS

HARASSMENT - OCTOBER 27, 2004; NOVEMBER 10, 23, 2004; DECEMBBER 19 29, 2004 AND AGAIN ON FEBRUARY 28, 2005, DUE TO MY PHYSICAL HANDICAP, ADULT DEFICIT DISORDER

Continued...

Complainant Name:   WAYNE S. KURZEJA

Charge Number       2005CF0947

Page 3

B.  PRIMA FACIE ALLEGATIONS

1.  I am a handicapped individual within the meaning of Section 103-(I) of the Illinois Human Rights Act.

2.  Respondent was aware of my condition.

3.  I was performing my duties as president/vice chairman in a satisfactory manner. I was hired in 1999.

4.  I have been harassed on the dates in question by Elsa Roberts, Chief Executive Officer. The harassment consist of the following:

   a. I have been removed from the board of directors.

   b. I have been precluded from meetings and the use of the company's emial.

   c. I have been denied reasonable accommodation despite the fact that Respondent has accommodated me in the past five years.

   d. I have been denied access to the office and I have been informed to call the office manager when I do come to the office so she can open it for me.

   e. My personal computer system was infected with a virus whenever I attempted to communicate with Ms. Roberts.

   f. As I was leaving on my vacation, I was given an extensive employment questionnaire which stated anyone who failed to complete the questionnaire would be discharged.

5.  My condition would not have interfered with my ability to perform the essential functions of my job as president and Vice Chairman had Respondent afforded me a reasonable accommodation.

Continued...

**Complainant Name:** WAYNE S. KURZEJA

**Charge Number:** 2005CF0947

**Page 4**

VI.   A.   ISSUE/BASIS

HARASSMENT - OCTOBER 27, 2004; NOVEMBER 10, 23, 2004; DECEMBER 19  29, 2004 AND AGAIN ON FEBRUARY 28, 2005,

IN TETALIATION

B.   PRIMA FACIE ALLEGATIONS

1.   On September 30, 2005, I filed discrimination charges 2005CF0947 and 2005CN0948 against Respondent on the basis of sex,male and sexual harassment with the Illinois Department of Human Rights. Shortly, thereafter, Respondent was served notice of my charge. The matter is now pending before the Department.

2.   I have beer harassed on the dates in question by Respondent, in particular, Else Roberts, Chief Executive Officer, who has engaged in a systematic campaign of a retaliatory harassing conduct which consists of the following:

   a. I have been removed from the board of directors.

   b. I have been precluded from meetings and the use of the company's emial.

   c. I have been denied reasonable accommodation despite the fact that Respondent has accommodated me in the past five years.

   d. I have been denied access to the office  and I have been informed to call the office manager when I do come to the office so she can open it for me.

   e. My personal computer system was purposely infected with a virus whenever I attempted to communicate with Ms. Roberts.

   f. As I was leaving on my vacation, I was given an extensive employment questionnaire which stated anyone who failed to complete the questionnaire would be discharged.

Continued...

3.   The harassing conduct followed my having engaged in a
     protected activity, thereby, raising an inference
     of retaliatory motivation.

HMS/RCG/JJT

| *CHARGE OF DISCRIMINATION* | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. **05W0930.07** | [X] IDHR  [X] EEOC | **2005CF0947** |

## Illinois Department of Human Rights and EEOC

| NAME *(indicate Mr., Ms., Mrs.)* <br> WAYNE S.  KURZEJA | HOME TELEPHONE *(include area code)* <br> 847-381-3129 |
|---|---|
| STREET ADDRESS <br> 6 FOX HUNT RD | CITY, STATE AND ZIP CODE <br> BARRINGTON, IL 60010 | DATE OF BIRTH <br> 00/00/00 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(IF MORE THAN ONE, LIST BELOW)*

| NAME <br> DIGI FLICKS INTERNATIONAL | NUMBER OF EMPLOYEES, MEMBERS  15+ | TELEPHONE *(include area code)* <br> 847 516 9711 |
|---|---|---|
| STREET ADDRESS <br> 214 CRYSTAL | CITY, STATE AND ZIP CODE <br> CARY, IL 60013 | COUNTY <br> 031 |

| NAME | | TELEPHONE *(include area code)* |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON: <br> SEX  HARASSMENT        RETALIATION | DATE OF DISCRIMINATION |
|---|---|
| | EARLIEST (ADEA/EPA)      LATEST (ALL) <br>  /  /         09/30/2004 <br> [ ] CONTINUING ACTION |

**THE PARTICULARS ARE** *(if additional space is needed attach extra sheet(s) )*

    I.    A.    ISSUE/BASIS

                UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT - APRIL 14, 2004, IN RETALIATION FOR OPENLY OPPOSING SEXUAL HARASSMENT

        B.    PRIMA FACIE ALLEGATIONS

        1.    My sex is male.

        2.    I was performing my duties as President and Vice Chairman in a satisfactory manner. I was hired in 1999.

    Continued...

*(Stamps: DEPT. OF HUMAN RIGHTS INTAKE UNIT, RECEIVED 2004 BY; DEPT OF HUMAN RIGHTS INTAKE UNIT, RECEIVED OCT 13 2004 BY)*

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY *(when necessary for State and Local Requirements)* <br> *M. Lou Kurzeja*   10 Oct. 2004 |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| **OFFICIAL SEAL** <br> M LOU KURZEJA <br> NOTARY PUBLIC - STATE OF ILLINOIS <br> MY COMMISSION EXPIRES: 05-24-07 <br> Notary Public Seal | SIGNATURE OF COMPLAINANT                DATE <br> X _____  10/10/04 <br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> (Day, month, year) |

EEOC FORM 5 (6/00)            FEP9RDT3

**Complainant Name:**   **WAYNE S. KURZEJA**

**Charge Number:**   **2005CF0947**

**Page 2**

3.    On April 14, 2004, I was asked by Elyse Robert (female), Chief Executive Officer and Chairperson, to rub her back, and I refused. This is not the first time I have been asked to rub her back.

4.    On or about April 14, 2004, I have been subjected to unequal terms and condition of employment by Elyse Roberts, Chief Executive Officer and Chairperson, which consist of the following:

    a. I am denied office space and support personnel to carry out my duties as President and Vice Chairman.

    b. I am denied the opportunity to have my payroll checks directly deposited into my checking account. Instead, I am asked to come see her personally to retrieve my payroll check.

    c. My duties as President and Vice Chairman have since been diminished in that I am not allowed to oversee the daily operations of the company.

    d. I am precluded from attending staff meetings.

    e. Ms. Roberts refused to buy out my employment contract and stock options as previously promised.

5.    The unequal terms and conditions followed my having opposed unlawful discrimination within a short period of time, and thereby, raising an inference of retaliatory motivation.

II.   A.   ISSUE/BASIS

SEXUAL HARASSMENT - SINCE APRIL 14, 2004, AND CONTINUING UNTIL THE PRESENT, SEPTEMBER 30, 2004.

Continued...

**Complainant Name:**    **WAYNE S. KURZEJA**

**Charge Number**      **2005CF0947**

**Page 3**

B.     PRIMA FACIE ALLEGATIONS

1.     My sex is male.

2.     I was performing my duties as President and Vice Chairman in a satisfactory manner. I was hired in 1999.

3.     Since April, 2003 and continuing until the present, I have been sexually harassed by Elyse Roberts (female), Chief Executive Officer and Chairperson, which consists of her wanting me to rub her back, buttocks, thighs, and engaging in conversations that are sexually offensive and inappropriate in nature.

4.     These incidents were unsolicited and unwelcome by me, and I made that clear to Ms. Roberts. Nevertheless, the sexual harassment continued unabated.

5.     These actions created a hostile working environment and interfered with my ability to do the job in that I was very uncomfortable.

HMS/JJT/RCG